**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JOSE HERNANDEZ-LOPEZ, ) | |
| ) | |
| Petitioner, ) | Criminal No. 1:14-cr-00016 |
| v. ) | Civil No. 1:14-cv-01491 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Jose Hernandez-Lopez's, ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On or about October 24, 2013, the ICE Law Enforcement Support Center in Williston, Vermont was notified by Fauquier County's Adult Detention Center in Warrenton, Virginia that Petitioner was being held on multiple traffic violations. On October 30, 2013, the Petitioner was transferred to ICE custody. The Petitioner's immigration file indicated that he had been removed from the United States from Atlanta, Georgia on or about November 23, 1999, and that he had been convicted in 1998 of Taking Indecent Liberties with a Minor Child in violation of North Carolina Gen. Stat. § 14-202.1, and was sentenced to thirteen to sixteen months imprisonment by the state.

On March 24, 2014, the Petitioner was found guilty on one count of illegal reentry into the United States after removal, subsequent to the commission of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). On June 13, 2014, the Petitioner was sentenced to a total of 40 months imprisonment, along with a two-year term of supervised release. The Petitioner subsequently appealed to the United States Court of Appeals for the Fourth Circuit which affirmed his conviction on May 26, 2015. At all relevant times, Petitioner was represented on the current federal charge by attorney Ivan Yacub, who submitted a sworn affidavit in response to Petitioner's ineffective assistance of counsel claim.[1]

On November 6, 2014, the Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 stating ineffective assistance of counsel as his sole ground for relief.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28

---

[1] On November 7, 2014, the Fourth Circuit granted Yacub's motion to withdraw as counsel for the Petitioner's appeal, and a CJA attorney was appointed to represent Petitioner going forward.

U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

"The proper standard for judging attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). Claims of ineffective assistance are evaluated using a two-part test: first, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness; second, a petitioner must show that "the deficient performance prejudiced the defense." Id. at 687-88. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

Objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689-90; see also United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether

3

the presumption of adequate assistance has been overcome,
Strickland, 466 U.S. at 691, and courts should be reluctant to
second guess the tactics of trial lawyers. Goodson v. United
States, 564 F.2d 1071, 1072 (4th Cir. 1997).

To satisfy the second prong of the Strickland test, the
petitioner must show that there is a "reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. A reasonable probability
is a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 669. A defendant must
affirmatively prove prejudice that is "so serious as to deprive
the defendant of a fair trial." Id. at 687. Because "[t]he
defendant bears the burden of proving Strickland prejudice," if
a defendant fails to meet this burden, "a reviewing court need
not consider the performance prong." Fields v. Attorney Gen. of
Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466
U.S. at 697)).

Petitioner specifies four areas of ineffective assistance
of counsel. Petitioner claims counsel: 1) misled Petitioner
regarding Petitioner's chances to win his case; 2) did not tell
Petitioner that he would be deported if he was convicted; 3)
abandoned the Petitioner during the appeal stage by not
communicating and then withdrawing from the case; and 4) did not

properly advise the Petitioner regarding his immigration status
if he entered a guilty plea.

Petitioner claims that his counsel misled him regarding
Petitioner's chances of winning his case. Specifically,
Petitioner claims his counsel failed to produce the results he
[counsel] promised, meaning counsel did not perform to the
extent that a reasonable jury could have found Petitioner not
guilty. In Lafler v. Cooper, the U.S. Supreme Court held that a
defendant's Sixth Amendment right to counsel is violated when,
absent counsel's deficient advice, the defendant would have
accepted a plea that would have resulted in a less severe
conviction, sentence, or both. 132 S. Ct. 1376, 1384-85 (2012).
Courts also "indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional
assistance" in order to avoid "distorting effects of hindsight."
Strickland, 446 U.S. at 689.

Here, Petitioner provides no facts to support his
assertions. Petitioner does not allege that had he received
competent legal advice, he would have accepted the government's
plea, nor does he allege that counsel failed to communicate a
plea offer or the details thereof. Further, in counsel's
affidavit, he affirms that he met with Petitioner several times,
discussed various legal options, and properly informed him that
if he pled guilty, it would be unlikely that he would remain in

the United States. Counsel also explains that he informed Petitioner that even if Petitioner was found innocent, that he still might be deported. Counsel filed a motion and supporting memorandum attempting to dismiss the government's indictment before trial, and presented a valid derivative citizenship defense to the charge during trial. Counsel's conduct does not meet either prong of Strickland.

Petitioner claims his counsel did not tell Petitioner that he would be deported if he was convicted. Petitioner also expresses concerns that his family, who are U.S. citizens, is at risk of removal from the United States because of his own conviction. Both of these assertions are false. As already discussed, counsel did sufficiently confer with Petitioner regarding the immigration implications of him pleading guilty or being found guilty at trial. Further, his family members who are U.S. citizens are not in jeopardy of removal from the United States because of his conviction. These assertions do not show unreasonable conduct by counsel, nor do they prejudice the Petitioner in any manner.

Petitioner claims his counsel abandoned him during the appeal stage by not communicating with him and then withdrawing from the case, thereby violating his Fifth and Sixth Amendment rights. The Petitioner's citation of the Fifth Amendment Due Process Clause in his motion is misguided. The Fifth Amendment

does not establish any right to an appeal and is therefore inapplicable. See U.S. v. MacCollom, 426, U.S. 317, 323 (1976) (*citing* Griffin v. Illinois, 351 U.S. 12, 18 (1956)). A criminal defendant's Sixth Amendment right to counsel attaches after judicial proceedings have been initiated against him, and continues through the defendant's direct appeal. See McNeil v. Wisconsin, 501 U.S. 171, 175 (1991); see also Evitts v. Lucey, 469 U.S. 387, 396 (1985).

Here, counsel filed the Notice of Appeal to the Fourth Circuit on July 11, 2014. On October 10, 2014, counsel received a letter from the Petitioner clearly stating he wished to terminate Yacub representation in this matter. On October 17, 2014, counsel filed a motion to withdrawal from the case, but did not withdrawal the appeal. On November 7, 2014, the Fourth Circuit granted Yacub's motion and appointed a CJA attorney to represent the Petitioner on appeal. Counsel did not abandon Petitioner – Petitioner terminated counsel. As such, Petitioner cannot show unreasonable conduct or prejudice.

Petitioner claims his counsel did not properly advise the Petitioner regarding his immigration status if he entered a guilty plea. Petitioner further alleges that counsel failed to advise him of the length of time he might face if found guilty. Counsel's affidavit affirms that he did indeed meet with the Petitioner on several occasions, that he discussed all the

potential immigration consequences of a guilty plea and of proceeding to trial. Further, counsel affirms that he informed Petitioner that even if he were found not guilty, he could still be deported. The government did not offer a plea that excluded deportation. The Petitioner never indicates that he would have accepted a plea offer, if not for his counsel's performance. Counsel's conduct and advice throughout the proceedings were not unreasonable and Petitioner was not prejudiced.

For the reasons discussed above, this Court finds Petitioner's claims are without merit and do not entitle him to § 2255 relief. Therefore, Petitioner's motion should be denied.

An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 2 , 2015